**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blake Lynch, | No. CV-25-04669-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Michael J Naste, et al., | |
| Defendants. | |

*Pro se* Plaintiff Blake Lynch ("Plaintiff") has filed a Motion to Strike Answer to Complaint (Doc. 17), Motion to Compel Compliance (Doc. 18), and a Motion in Support of Plaintiff's Request for Subpoena Duces Tecum (Doc. 21).  No response was filed to these Motions.  Defendant Keith Johnson ("Johnson") has filed an Answer in this case, default was entered against Defendant Hydrogen Energy Systems LLC ("HES") (Doc. 16), and Defendant Michael J. Naste was dismissed from this matter.  Before addressing Plaintiff's Motions, the Court will take up several matters *sua sponte*.

## I.    Background

Plaintiff alleges that, in December 2021, he invested $40,000.00 into HES. (Doc. 1 at 4).  However, he claims that "Defendants Michael J. Naste, Keith R. Johnson and Hydrogen Energy Systems LLC failed at all times to honor the investor contract, Defendants refused to produce any meaningful documentation for potential investors over the years, Defendants failed to produce any repayment to Plaintiff at all times to include the $100,000 they promised Plaintiff and Defendants have implicated themselves as

accepting they might have to serve jail time if it ever comes to light what they did with Plaintiff's investment money.  Plaintiff thus obtained a certified negotiable instrument Defendants have ignored." (*Id.*)  Due to these claims, Plaintiff now seeks "compensatory and punitive damages" against Defendants in the amount of $15,390,000.00. (*Id.*)

## II.    Vacating Default against HES

Assuming service upon HES was properly executed, Plaintiff sought and obtained entry of default against non-answering HES on January 20, 2026.  (Doc. 16).  This assumption was in error.  "Where good cause exists, a district court has the authority to set aside an entry of default sua sponte." *Safeco Ins. Co. of Am. v. Pederson*, 2025 WL 711185, at *1 (E.D. Cal. 2025); *Investcorp Ret. Spec., Inc. v. Ohno*, 2007 WL 2462122, at *2 (N.D. Cal. 2007) ("The court may set aside entries of default *sua sponte*.").  Having reviewed the various proofs of service filed in this case, the Court finds that service of process on Defendant HES was not proper.

Rule 4(h) states that a domestic corporation, partnership, or association must be served:

> [B]y delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h).  Of course, Rule 4(e)(1) allows for service to be executed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).  The relevant Arizona Rule similarly provides:

> If a corporation, partnership, or other unincorporated association is located outside Arizona but within the United States, it may be served by delivering a copy of the summons and the pleading being served to a partner, an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Ariz. R. Civ. P. 4.2(h).

- 2 -

Initially, Plaintiff filed three Proofs of Service (Docs. 7, 9, 12) that each indicate that Plaintiff mailed the Summons and Complaint to HES on either December 20 or 27, 2025. (*See id.*). None of these documents demonstrate proper service on HES because, amongst other reasons, Plaintiff may not effect personal service himself. Fed. R. Civ. P. 4(c). Moreover, the method of service clearly does not comply with either the Federal or Arizona Rule described above. Therefore, the entry of default that occurred on January 20, 2026 was based on improper service and will be vacated.

The Court notes that Plaintiff filed an additional notice of service on February 4, 2026, titled "Affidavit of Posting" (Doc. 20). The Affidavit indicates that a process server, after several unsuccessful attempts, effected service by "post[ing] all documents at [466 Bouchelle Drive, Apt. 101, New Smyrna Beach, FL 32169] per client instructions." (*Id.*) "Generally speaking, leaving documents at the door is insufficient to effect service of process." *Miller v. Four Peaks Logistics LLC*, 2023 WL 7301870, at *4 (D. Ariz. 2023). While posting documents might be acceptable as an alternative means of service, leave of court must first be sought. Here, no alternative service was authorized by the Court, and thus service upon HES was still improper.[1] Consequently, the Court will vacate the entry of default against Defendant HES.

**III.    Partial Dismissal of Complaint for Lack of Subject Matter Jurisdiction**

The Complaint does not clearly state what claims it is attempting to bring against any Defendant. However, upon review of the Complaint, it is clear that the Court lacks jurisdiction over any claim Plaintiff intends to bring based on the "Notary Certificate of Dishonor" (Doc. 1 at 11), "Notice of Protest and Opportunity to Cure" (*id.* at 13), "Notice of Dishonor" (*id.* at 15), or Presentment and Invoice (*id.* at 40–42) because such claims would be legally frivolous.

"[F]ederal courts are without power to entertain claims otherwise within their

---

[1] The Court notes that service on Defendant Johnson was likewise improper for most of the foregoing reasons. (*See* Docs. 7, 9, 12, 19). However, Johnson has appeared and did not contest service. The Ninth Circuit explains that "[a] general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986)

- 3 -

jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit[.]" *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (internal quotations and citation omitted). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 86 (1998) (internal quotations and citation omitted). "Regardless of whether a litigant is fee paying or not, a district court has the inherent authority to dismiss frivolous actions at any time." *Downing v. Eckstrom*, 2024 WL 289321, at *2 (E.D. Wash. 2024) (citing *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989)).

Based on the attachments to the Complaint, on October 11, 2025, Plaintiff sent Defendant Johnson a "Presentment and Invoice." (Doc. 1 at 40–42). In this document, Plaintiff states that he made a $40,000.00 investment into HES, expecting a repayment of $100,000.00 and a 10% equity stake in HES. (*Id.*) Plaintiff claims that he received neither. (*Id.*) He then asserts that "[Plaintiff is] now invoicing yourself personally, Keith R. Johnson, your partner Michael J. Naste and HES in the amount of Five Million One Hundred Thousand Thirty Dollars and 00/100 ($5,130,000.00USD)." (*Id.*) Plaintiff further stated that this amount "shall come due for payment within (15) calendar days of your receipt of this presentment and invoice. Failure to pay the invoice attached hereto will be considered a refusal." (*Id.* at 40–41).

Plaintiff then sent Defendants a "Notice of Dishonor" (Doc. 1 at 15) on November 15, 2025, and a "Notice of Protest and Opportunity to Cure" (*id.* at 13) on December 1, 2025, both citing Uniform Commercial Code ("UCC") § 3-505(a). (*Id.* at 13, 15). He finally sent Defendants a "Notary Certificate of Dishonor" (*id.* at 11) citing UCC § 3-505(a) and A.R.S. § 47-3505(B), on December 11, 2025. (*Id.* at 11). All of these documents note Defendants' non-payment of the invoice, and the final Notary Certificate claims that

Defendants are now liable for three times the initial $5,130,000.00 request. (*Id.*) Plaintiff then brought this case in attempt to enforce these "instruments."

Plaintiff's Invoice and various Notices are meritless and lack any legal basis from which to collect on a "debt." UCC § 3-505(a) and A.R.S. § 47-3505(B) apply to negotiable instruments, and no negotiable instrument has been identified here. At most, Plaintiff attached an unsigned contact labeled "Stock Purchase and Loan Agreement." (Doc. 1 at 22–24). However, this document is not a negotiable instrument, nor are any of the documents that Plaintiff sent to Defendants. *See* A.R.S. § 47-3104 (defining negotiable instrument); A.R.S. § 47-3401(A) (stating that a person is not liable on an instrument unless the person signed the instrument); UCC § 3-104 cmt. 2 ("Article 3 is not meant to apply to contracts for the sale of goods or services or the sale or lease of real property or similar writings that may contain a promise to pay money."). Second, "[p]eople who identify as sovereign citizens use maneuvers like the notary presentment to avoid paying debts or to collect debts that are not actually owed." *Balash-Ioannidou v. Contour Mortgage Corp.*, 2022 WL 3358082, at *2 (E.D.N.Y. 2022); *Friis v. City of San Jose*, 2009 WL 1690439, at *1 n.2 (N.D. Cal. 2009) ("[Plaintiff] may have been inspired by various tax protester websites. For example, the Sovereignty Education and Defense Ministry (www.sedm.org) provides sample literature describing the 'Notary Certificate of Dishonor Process' for resolving commercial disputes by unrebutted affidavit."). Such "notary presentments" entirely lack validity and claims for damages based upon them are legally frivolous. *McKay v. U.S. Bank*, 2015 WL 5657110, at *2 (M.D. Ala. 2015) (denying plaintiffs' request for declaratory judgment that the defendant was not the real mortgage holder and to quiet title based upon their mailing of a "notarial presentment" and a "notarial notice of dishonor" to the defendant bank).

Notably, Plaintiff is employing this strategy in the present case as well as others brought in this District. *See*, *e.g.*, *Lynch, v. American Express*, 2026 WL 1303981, at *2 (D. Ariz. 2026) ("Lynch's theories involving notarial protest and the UCC indicate he may be asserting some sort of 'sovereign citizen' claim.") (internal quotation marks and citation

omitted); *see also* 2:25-cv-04481-DJH; 2:25-cv-04883-JJT; 2:25-cv-04482-MTL; 2:26-cv-02767-JJT. Plaintiff is now on notice that the various presentments and notices he has based his cases upon are not legally enforceable documents. To the extent Plaintiff's Complaint is premised upon the attached Notary Certificate of Dishonor, Notice of Protest and Opportunity to Cure, Notice of Dishonor, or Presentment and Invoice, it and any related claims are dismissed with prejudice as legally frivolous.

## IV.    Dismissal for Failure to State a Claim

The Ninth Circuit has affirmed that federal courts have the power to *sua sponte* dismiss a complaint for failure to state a claim upon which relief can be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)."). Dismissal of a complaint for failure to state a claim may be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Complaints must make a short and plain statement showing that the pleader is entitled to relief for its claims. Fed. R. Civ. P. 8(a)(2). Rule 8 also requires that a complaint clearly establish the claims and parties such that a defendant would have "no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1132 (9th Cir. 2008). Here, Plaintiff's Complaint fails to state any claim it intends to bring, much less the necessary elements of a claim. (*See generally* Doc. 1). Consequently, Defendants in this case do not have adequate notice of the claims brought against them.

Additionally, the Complaint lacks sufficient factual allegations to allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. It contains sparse allegations, relies heavily on the discredited theories discussed above, and appends repetitive documents. (*See generally* Doc. 1). Even accepting the allegations as true, the Complaint has not stated a cognizable legal claim.

That said, "the district court must give notice of its sua sponte intention to dismiss

- 6 -

and provide the plaintiff with an opportunity to at least submit a written memorandum in opposition to such motion." *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015). Plaintiff is now on notice of the Court's intention to dismiss. However, instead of a responsive memorandum, the Court will grant Plaintiff leave to file an amended complaint. Given the Court's above ruling, filing an amended complaint will allow Plaintiff to omit the foreclosed theories above as well as comply with federal pleading standards. Plaintiff is forewarned that, if an amended complaint is filed that does not comport to the Court's rulings, it will be subject to dismissal.

Finally, because the Court will require that Plaintiff file an amended complaint, Plaintiff's Motion to Strike Answer to Complaint (Doc. 17), Motion to Compel Compliance (Doc. 18), and a Motion in Support of Plaintiff's Request for Subpoena Duces Tecum (Doc. 21) are denied without prejudice as they are either moot or premature.

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** with leave to amend. If Plaintiff chooses to amend his complaint, he must do so **on or before June 15, 2026**. Defendant Johnson shall file an answer to any amended complaint **within twenty (20) days of the filing of the amended complaint**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to vacate the Entry of Default as to Hydrogen Energy Systems (Doc. 16). If Plaintiff names Defendant HES in an amended complaint, he must complete service of process on Defendant HES **on or before July 7, 2026**. If a valid return of service is not filed by this date, Defendant HES will be dismissed from this matter.

**IT IS FURTHER ORDERED** that if Plaintiff does not amend his complaint within twenty (20) days, the Clerk of Court is directed to dismiss this matter without prejudice without further Order from the Court.

/ / /

/ / /

/ / /

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Strike Answer to Complaint (Doc. 17), Motion to Compel Compliance (Doc. 18), and a Motion in Support of Plaintiff's Request for Subpoena Duces Tecum (Doc. 21) are **DENIED** without prejudice.

Dated this 26th day of May, 2026.

Honorable Diane J. Humetewa
United States District Judge